UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| TIMOTHY CORVIN, | ) |
| --- | --- |
| *Plaintiff*, | ) |
| v. | ) No. 1:05-CV-219 |
| DEPUTY MIKE BICE, CHIEF DEPUTY ARGO, and OFFICER WAYNE COX, individually and as officers of the Rhea County Sheriff's Department and SHERIFF MIKE NEAL, individually and as Sheriff of Rhea County, in charge of the Rhea County Sheriff's Department, | ) Chief Judge Curtis L. Collier |
| *Defendants*. | ) |

## **MEMORANDUM**

Before the Court is Defendants, Deputy Mike Bice, Chief Deputy John Argo, Officer Wayne Cox, and Sheriff Mike Neal's (collectively "Defendants"), motion for partial summary judgment (Court File No. 20) and an accompanying memorandum in support (Court File No. 21) pursuant to Fed. R. Civ. P. 56. Although Plaintiff Timothy Corvin ("Plaintiff") filed a motion for extension of time to file a response to Defendants' motion for partial summary judgment (Court File No. 22) as well as a response in opposition to Defendants' motion (Court File No. 23), the Court will not consider either in resolving Defendants' motion since both were untimely filed under the Local Rules of the Eastern District of Tennessee. *See* E.D.TN. LR7.1. Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well as state law claims. For the following reasons, Defendants' motion for partial summary judgment (Court File No. 20) will be **GRANTED IN PART** and **DENIED IN PART** and the Court will **DISMISS** with prejudice

Plaintiff's claims of false arrest and false imprisonment brought pursuant to 42 U.S.C. § 1983 and the common law.

I.   **STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences which can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. 988011Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes a fair-minded jury could not

return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.  RELEVANT FACTS

On August 9, 2004 Deputy Mike Bice ("Bice") of the Rhea County, Tennessee Sheriff's Department[1] received information that marijuana plants were growing at Corvin Trailer Park on Corvin Lane, Dayton, Rhea County, Tennessee (Court File No. 21 at Exhibit 1).[2] After investigation, Bice found approximately 67 marijuana plants in a wooded area with a garden hose going from the plants to Plaintiff's trailer. *Id.*

Plaintiff's complaint arises out of events that occurred on August 12, 2004, when he was at his trailer home on Corvin Road in Dayton, Tennessee (Court File No. 1 at Section II). On that day, Bice and Chief Deputy John Argo ("Argo") came to Plaintiff's door to investigate the existence of the plot of marijuana plants near Plaintiff's trailer (Court File No. 1 at Section II); (Court File No. 8 at ¶ 2). Defendants Bice and Argo advised Plaintiff that they suspected he was the person growing the marijuana (Court File No. 8 at ¶ 2).[3] Plaintiff denied he had any involvement and walked out

---

[1] It is undisputed that Deputy Mike Bice, Chief Deputy John Argo and Deputy Wayne Cox were officers of the Rhea County Sheriff's Department and that Sheriff Mike Neal was the Sheriff of the Rhea County Sheriff's Department during all times relevant to this action.

[2] Since there were no affidavits filed with Defendants' motion for partial summary judgment and the Plaintiff did not present any evidence in response to Defendants' motion, the Court relied upon Plaintiff's complaint (Court File No. 1) and Defendants' answer (Court File No. 8) as well as the exhibits to Defendants' memorandum in support of its motion for partial summary judgment (Court File No. 21).

[3] Bice advised Plaintiff that they "were going to have charges on him" (Court File No. 21, Exh.1).

3

the door of his home (Court File No.1 at Section II). Plaintiff continued to converse with the deputies sitting outside of his house. *Id*.

The parties dispute the events that transpired next. Plaintiff alleges Bice told him to get "back in your house before I arrest you and take you to jail." *Id*. Plaintiff then went into his house and told the deputies to get off his property. *Id*. Bice charged toward Plaintiff and grabbed him inside the house. *Id*. Defendants allege they advised Plaintiff, while he was outside his home, that he was under arrest and Plaintiff told the deputies to get off his property and evaded arrest by attempting to run into his home (Court File No. 8 at ¶ 2). Plaintiff was apprehended by Bice at or near the threshold of his home. *Id*. It is undisputed Plaintiff told the deputies to get off his property (Court File No. 1 at Section II); (Court File No. 8 at ¶ 2); (Court File No. 21 at Exhibit 1). However, it is disputed as to what happened after he made this statement.

Plaintiff alleges after he was apprehended by the deputies they used unnecessary and excessive force which caused him injuries.[4] Plaintiff also asserts Defendants conversed among themselves in his presence regarding how they would support their wrongful actions (Court File No. 1 at Section II).[5] At some point, Defendants advised Plaintiff he was under arrest (Court File No. 21 at Exhibit 1).[6] It is undisputed that Plaintiff was handcuffed and placed into a sitting position after he was detained (Court File No. 1 at Section II); (Court File No. 8 at ¶ 2). Plaintiff was then

---

[4] The Court will not consider Plaintiff's Fourth Amendment unnecessary force claim and state law claims for assault and aggravated assault as Defendants do not move for summary judgment on those claims.

[5] The Court will not consider Plaintiff's civil conspiracy claim as Defendants do not move for summary judgment on that claim.

[6] The parties dispute whether the deputies advised Plaintiff he was under arrest before or after he told them to get off of his property as well as whether Plaintiff was inside or outside his house at the time he made this statement.

transported to the Rhea County Jail by Officer Wayne Cox ("Cox") (Court File No. 8 at ¶ 2); (Court File No. 21 at Exhibit 1).[7] Sheriff Mike Neal was not present during any of the events the subject of this action. Plaintiff's claims against him consist of his failure to properly train and supervise his officers.[8]

Plaintiff was charged with manufacturing marijuana and evading arrest (Court File No. 1 at Section II).[9] These charges were presented to the Rhea County, Tennessee, grand jury, which on December 6, 2004, returned a true bill against Plaintiff for manufacture of a controlled substance and evading arrest as well as an Indictment stating Plaintiff "did unlawfully, intentionally, knowingly, manufacture a controlled substance, to-wit: Marihuana, a Schedule VI Controlled Substance, consisting of twenty (20) plants but not more than ninety-nine (99) plants in violation of Tenn. Code Ann. 39-17-417" (Court File No. 21 at Exhibit 2). Thereafter, the State of Tennessee bought case number 16348 against Plaintiff in the circuit court of Rhea County, Tennessee. *Id*. at Exhibit 3, 4, 5. On July 8, 2005, Plaintiff, represented by counsel, entered into a Plea of Guilty to the offense of "simple possession of Schedule VI Controlled Substance - Class A Misdemeanor."[10] *Id*. at Exhibit 4. The circuit court judge approved Plaintiff's guilty plea on the same day and entered

---

[7] It is undisputed that Officer Cox was not present during the events that are the subject of this action and did not participate in Plaintiff's arrest. "Deputy Cox merely arrived in a police cruiser suitable for transporting Plaintiff to the jail and transported Plaintiff to the Rhea County Jail" (Court File No. 8 at ¶ 2).

[8] The Court is not considering Plaintiff's failure to train and supervise claim since it is not contained in Defendants' motion (Court File No. 20).

[9] After Plaintiff's arrest, Bice completed an Affidavit of Complaint charging Plaintiff with the offense of Manufacturing Marijuana in violation of Tenn. Code Ann. § 39-17-417 (Court File No. 21 at Exhibit 1).

[10] Plaintiff also executed a waiver of his right to a jury trial on the same day which was also entered as an order by the Rhea County circuit judge (Court File No. 21 at Exhibit 3).

5

an agreed order providing that Plaintiff "should participate in the Post-Plea probation program pursuant to Tenn. Code Ann. 40-35-313 and that his case should be continued for a period of 11 months, 29 days, at which time the previously mentioned charges against the defendant [Mr. Corvin] can be dismissed upon successful completion of the beforementioned probationary program." *Id*. at Exhibit 5. The circuit court also placed the following conditions on Plaintiff's probation: (1) Plaintiff refrain from any violations of the law; (2) pay court costs; (3) pay a $500.00 fine; and (4) perform 100 hours of public service work. *Id*. Consequently, as a result of his guilty plea, Plaintiff was allowed to enter into a judicial diversion program, whereby the charges against him would be dismissed a year from the date of his plea, if he complied with the terms and conditions of his probation (Court File No. 21). The ultimate resolution of Plaintiff's state court criminal proceedings is unclear from the record. There is no evidence as to whether Plaintiff successfully complied with the terms and conditions of his probation nor whether the Rhea County circuit court withheld entry of judgment. Plaintiff filed the instant complaint with this Court on August 5, 2005.

### III. **DISCUSSION**

In his complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for false arrest, false imprisonment and unnecessary force, several state law claims, as well as other claims (Court File No. 1 at Section III-XI).[11] Defendants move for partial summary judgment pursuant to Fed. R. Civ.

---

[11] Plaintiff brings claims of negligence per se for violations of several state statutes including Tenn. Code Ann. § 39-13-101 (assault), Tenn. Code Ann. § 39-13-102 (aggravated assault), Tenn. Code Ann. § 39-13-302 (false arrest and imprisonment), and Tenn. Code Ann. § 39-16-403 (official oppression) as well as a civil conspiracy claim and common law assault and battery claims against all of the Defendants and a failure to train and supervise claim against Defendant Sheriff Neal. Plaintiff also asserts claims for damages pursuant to 42 U.S.C. § 1988 and for punitive damages. Defendants acknowledge discovery will likely reveal genuine issues of material fact concerning

P. 56 on several of these claims including Plaintiff's Fourth Amendment false arrest and false imprisonment claim as well as his state common law claim of false arrest and false imprisonment and his official oppression claim (Court File No. 20 & 21). This memorandum as well as the accompanying order will only address the claims raised by Defendants' motion and none of Plaintiff's other claims. For the reasons discussed below, Defendants' motion for partial summary judgment (Court File No. 20) will be **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's false arrest and false imprisonment claims pursuant to 42 U.S.C. § 1983 and the common law will be **DISMISSED** with prejudice as to all Defendants**.** The Court will consider each of these issues separately.

### A.     False Arrest and False Imprisonment

#### 1.     42 U.S.C. § 1983 Claims

Plaintiff brought suit pursuant to 42 U.S.C. § 1983 for alleged violation of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. A citizen may sue to vindicate the denial of his constitutional rights under 42 U.S.C. § 1983.

> Section 1983 provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the

---

Plaintiff's claims of excessive force under the Fourth Amendment and claim of assault under state law and therefore have not moved for summary judgment on those claims.

deprivation was caused by a person acting under the color of state law. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). There is no dispute that Defendants were acting under color of state law. The Court will focus on whether Plaintiff can prove Defendants derived him of a constitutionally guaranteed right.

Plaintiff contends that his Fourth Amendment rights were violated because there was no probable cause to arrest him. Defendants argue that Plaintiff is estopped from challenging the validity of his arrest because he pleaded guilty to possession of a controlled substance in the state court criminal proceedings brought against him; therefore, his claims of false arrest and false imprisonment are precluded by collateral estoppel as probable cause has been established. To avoid summary judgment, Plaintiff must show there is a genuine issue of material fact in dispute that should be decided at trial regarding these issues and that he is entitled to judgment as a matter of law.

Plaintiff's claims of false arrest and false imprisonment are the same in this case since the alleged false imprisonment arises out of the alleged false arrest by the Defendant police officers. *See Walker v. Schaeffer,* 854 F.2d 138, 142 (6th Cir. 1988). Consequently, the Court's analysis of Plaintiff's false arrest claim also encompasses his false imprisonment claim. The Fourth Amendment secures a person's right to be free from unreasonable searches and seizure. Under the principles of that Amendment, any arrest requires probable cause. *Gardenhire v. Schubert,* 205 F.3d 303, 315 (6th Cir. 2000); *Centanni v. Eight Unknown Officers,* 15 F.3d 587, 592 (6th Cir.1994). As long as there is probable cause to make an arrest, a warrantless arrest does not violate the Fourth Amendment. *United States v. Strickland,* 144 F.3d 412, 415 (6th Cir.1998) (citing *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir.1988)). To prevail on his Fourth Amendment false arrest claim,

Plaintiff is required to prove he was arrested without probable cause. *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir.1997). He cannot meet this burden since the issue of probable cause has previously been determined in the state court criminal proceedings and Plaintiff is collaterally estopped from relitigating the issue of probable cause.

Plaintiff was arrested without a warrant and subsequently indicted for manufacturing a controlled substance. Plaintiff choose, with the assistance of counsel, to plead guilty to the lesser charge of possession of a controlled substance. The United States Court of Appeals for the Sixth Circuit has repeatedly held state court judgments must be given the same preclusive effect in federal court as they would be in the courts of the rendering state. *City of Canton, Ohio v. Maynard,* 766 F.2d 236, 237 (6th Cir.1985) (per curiam); *Fellowship of Christ Church v. Thorburn,* 758 F.2d 1140, 1144 (6th Cir.1985) (per curiam). Application of the collateral estoppel doctrine is mandated by 28 U.S.C. § 1738 which provides that judicial proceedings in any state court "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." *Donovan v. Thames*, 105 F.3d 291, 293 (6th Cir. 1997). "This principle applies to civil rights actions under section 1983 with respect to issues actually litigated (collateral estoppel or issue preclusion) and issues which could have been but were not litigated in the state court proceeding (res judicata or claim preclusion)." *Walker,* 854 F.2d at 142 (citing *Mirga v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75 (1984); *Maynard,* 766 F.2d at 238). However, a state court judgment will not be given a preclusive effect unless the party against whom it is asserted had a "full and fair opportunity to litigate the claim or issue." *Thorburn*, 758 F.2d at 1144.

This Court looks to Tennessee law on collateral estoppel in determining what preclusive effect should be given to the prior state court decision. *Migra*, 465 U.S. at 81; *Stemler*, 126 F.3d

9

at 871. Under Tennessee law, once an issue has been determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different. *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001) (citations omitted). The party invoking the doctrine of collateral estoppel has the burden of proof. *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998). Defendants must demonstrate (1) the issue to be precluded is identical to the issue decided in the earlier suit, (2) the issue to be precluded was actually litigated and decided on its merits in the earlier suit, (3) the judgment in the earlier suit has become final, (4) the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit, and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue to be precluded. *Id.* at 824-25.

Probable cause was at issue in Plaintiff's state court criminal proceedings. Additionally, Plaintiff was represented by counsel throughout his state court criminal proceedings and there is no evidence he did not have a full and fair opportunity to litigate the issue. Plaintiff has provided no evidence regarding the outcome of his probationary period and Defendants deny that the charges against Plaintiff have been dismissed (Court File No. 8 at ¶ 2). However, it is clear that under Sixth Circuit precedent, plaintiffs who plead guilty and receive judicial diversion are precluded from pursuing a Fourth Amendment claim for unlawful arrest. *Wilson v. Johnson,* No. 3:04-CV-59, 2005 WL 2417057, *9 (E.D. Tenn. Sept. 30, 2005); *Walker*, 854 F.2d at 142-43 (holding nolo contendere pleas made by plaintiffs in state court criminal proceedings preclude them from asserting in federal court that the officers lacked probable cause to arrest them); *Cunningham v. Sisk,* No. 1:01-CV-182, 2003 WL 23471541, *8 (E.D. Tenn. Dec.4, 2003), *aff'd,* 2005 WL 1285649 (6th Cir. May 18, 2005)

(holding that plaintiff's Fourth Amendment claim for false arrest brought pursuant to § 1983 was precluded by the state court criminal proceedings in which plaintiff plead guilty based upon the doctrine of defensive collateral estoppel). Even though Plaintiff "was given the opportunity to have his record expunged by the state trial judge, he still pled guilty" to possession of a controlled substance and is therefore barred from repudiating his guilty plea and "relitigat[ing] the circumstances surrounding his arrest and the issue of probable cause." *Wilson*, 2005 WL 2417057 at *9. "Plaintiff's guilty plea, even though it involved judicial diversion, still has the same effect and precludes plaintiff from pursuing a Fourth Amendment claim for unlawful arrest." *Id*. at *9.

A state court proceeding is accorded preclusive effect in a later § 1983 suit in federal court so long as the state court proceeding met minimal standards of due process. *Stemler*, 126 F.3d at 871. Plaintiff has not presented any evidence he suffered a deprivation of due process in the state court criminal proceedings. Plaintiff's guilty plea in state court and the imposition of fines by that court estop his assertions in this Court that Defendant officers acted without probable cause and consequently, his Fourth Amendment claim of false arrest. *Walker,* 854 F.2d at 142; *Smith v. Thornburg,* 136 F.3d 1070, 1077 (6th Cir.1998); *Stemler,* 126 F.3d at 871; *Donovan,* 105 F.3d at 297-98; *Coogan v. City of Wixom,* 820 F.2d 170, 175 (6th Cir.1987) ( *abrogated on other grounds Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)); *Wilson v. Johnson,* 2005 WL 2417057 at *7-9.[12]

The Court concludes it is bound by the state court decision that there was probable cause to

---

[12] Plaintiff's Fourth Amendment claim also fails under common law principles since Plaintiff's conviction on the possession of a controlled substance misdemeanor gives the Defendants a complete defense to a § 1983 claim of false arrest. *Walker*, 854 F.2d at 143; *Cunningham*, 2003 WL 23471541 *8.

arrest Plaintiff and consequently, his Fourth Amendment claims of false arrest and imprisonment are precluded. As noted above, the Court did not consider Plaintiff's response to Defendants' motion (Court File No. 23) since it was untimely filed. However, even if the Court had considered Plaintiff's response before making its ruling, it still would have granted Defendants' motion for summary judgment on these issues since Plaintiff admits the granting of summary judgment is proper concerning his false arrest and false imprisonment claims. Accordingly, Defendant's motion for summary judgment on these issues will be **GRANTED** and Plaintiff's 42 U.S.C. § 1983 false arrest and false imprisonment claims will be **DISMISSED** as to all Defendants.

## 2. State Law Claims

This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[13] Plaintiff asserts claims of false arrest and false imprisonment under Tennessee common-law. Plaintiff must prove two elements to prevail: (1) he was restrained or detained against his will by a defendant, and (2) the restraint or detention was unlawful. *Bryant-Bruce v. Vanderbilt Univ., Inc.,* 974 F.Supp. 1127, 1145 (M.D. Tenn.1997); *Raines v. Shoney's, Inc.,* 909 F.Supp. 1070, 1082 (E.D. Tenn.1995); *Coffee v. Peterbilt of Nashville, Inc.,* 795 S.W.2d 656, 659 (Tenn.1990); *Brown v. SCOA Indus., Inc.,* 741 S.W.2d 916, 919-20 (Tenn. Ct. App.1987). Plaintiff is required to prove that Defendant acted without probable cause. *Id.* at 920.

As already discussed, Plaintiff fails to prove that his arrest was unlawful, he is collaterally estopped from relitigating the issue of probable cause and the existence of probable cause is a complete defense to his false arrest claim. Plaintiff's common law false arrest and imprisonment

---

[13] The Court retains original jurisdiction concerning Plaintiff's Fourth Amendment unnecessary and excessive force claim.

claim fails for the same reasons as his Fourth Amendment false arrest and imprisonment claim. The Court will **GRANT** Defendants' motion for summary judgment and Plaintiff's false arrest and false imprisonment claim pursuant to the common law will be **DISMISSED** as to all Defendants.

### B. Official Oppression Claim

Plaintiff claims Defendants' actions constituted negligence per se in violation of Tenn. Code Ann. § 39-16-403, a criminal statute prohibiting official oppression (Court File No. 1 at Section VII). Defendants move for summary judgment on this state law claim on the basis that it fails to assert a claim upon which relief can be granted as it is a criminal statute for which there is no implied private right of action (Court File No. 21 at Section II). Defendants misconstrue Plaintiff's claim. Plaintiff alleges that Defendants are in violation of Tenn. Code Ann. § 39-16-403 and such violation constitutes negligence per se (Court File No. 1 at Section VII); therefore, Plaintiff is not asserting a private cause of action under the statute itself, but instead a negligence action.

Plaintiff must demonstrate five elements to establish a claim for negligence: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care [a breach of the duty owed]; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 932 (6th Cir. 2006)(citing *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn.1993)). "The doctrine of negligence *per se* permits a plaintiff to satisfy the breach element of a negligence action by substituting the violation of a statutorily imposed duty for the reasonable person standard." *Brown v. City of Memphis,* 440 F.Supp.2d 868, 875-76 (W.D. Tenn. 2006)(citing *Cook By and Through Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 937 (Tenn. 1994)). "To establish negligence per se, one has to show that the statute that was violated was designed to

13

impose a duty or prohibit some act for the benefit of a person or the public. The injured party must also be within the class of persons that the statute, ordinance, or regulation was meant to protect." *Brown*, 440 F.Supp.2d at 875-76 (citing *Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992)).

Under Tennessee law, the violation of a criminal statute may constitute a civil action for negligence per se "where it affirmatively appears that the violation was the proximate cause of the injury for which recovery is sought." *Baker v. Moreland*, No.89-62-II, 1989 WL 89758, *3 (Tenn. Ct. App. Aug. 9, 1989) (citing *Brookins v. Round Table, Inc.,* 624 S.W.2d 547, 550 (Tenn. 1981) *superseded by statute*, Tenn. Code Ann. § 57-10-102, *on other grounds*; *Mitchell v. Ketner*, 393 S.W.2d 755, 757 (Tenn. 1964) *superseded by statute*, Tenn. Code Ann. § 57-10-102, *on other grounds*). "The Tennessee Supreme Court has, over the years, been quick to invoke the negligence per se doctrine with regard to violations of penal statutes designed to protect the public." *Rains v. Bend of the River*, 124 S.W.3d 580, 592 (Tenn. Ct. App. 2003) (citing *Brookins*, 624 S.W.2d at 550).

Accordingly, Plaintiff may assert that Defendants' alleged violation of Tenn. Code Ann. § 39-16-403, a criminal statute prohibiting official oppression, constitutes negligence per se. The Court will **DENY** Defendants' motion for summary judgment on this issue.

### IV. <u>CONCLUSION</u>

For the above reasons, Defendants' motion for partial summary judgment (Court File No. 20) will be **GRANTED IN PART** and **DENIED IN PART**. As a result, Plaintiff's claims of false arrest and false imprisonment pursuant to federal and state law stemming from his arrest will be **DISMISSED** with prejudice as to all Defendants.

An order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**