UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TIMOTHY CORVIN, )<br>)<br>　　*Plaintiff*, )<br>)<br>v. )<br>)<br>DEPUTY MIKE BICE, CHIEF DEPUTY )<br>ARGO, and OFFICER WAYNE COX, )<br>individually and as officers of the Rhea )<br>County Sheriff's Department and )<br>SHERIFF MIKE NEAL, individually )<br>and as Sheriff of Rhea County, in charge )<br>of the Rhea County Sheriff's Department, )<br>)<br>　　*Defendants*. ) | No. 1:05-CV-219<br><br>Chief Judge Curtis L. Collier |

## **ORDER**

Before the Court is Plaintiff Timothy Corvin's ("Plaintiff") motion for voluntary dismissal without prejudice (Court File No. 32). Defendants, Deputy Mike Bice, Chief Deputy John Argo, Deputy Wayne Cox, and Sheriff Mike Neal ("Defendants") have filed an opposition brief to Plaintiff's motion (Court File No. 33). Plaintiff requests a voluntary dismissal without prejudice without reason or cause. Defendants' sole objection concerns the lateness of Plaintiff's motion.

The Court finds that Defendants have not asserted any counterclaims in this action (Court File Nos. 7 & 8). Discovery was ordered completed in this case by December 26, 2006 (Court File No. 15). Defendant filed a motion for partial summary judgment in January 2007 (Court File No. 20) which the Court granted in part and denied in part (Court File Nos. 26 & 27). The parties attended the pretrial conference on March 13, 2007 and a jury trial is scheduled to begin on March 27, 2007 (Court File No. 15). Plaintiff filed his motion to dismiss on March 23, 2007 (Court File No. 32).

Voluntary dismissals are governed by Fed. R. Civ. P. 41, which provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." FED. R. CIV. P. 41(a)(2). Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974).

> The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant.

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). As the trial is imminent, there is no doubt Defendants have incurred effort and expense in preparing for it. There is no evidence of excessive delay or lack of diligence on the part of the Plaintiff as this case has been pending for approximately one and a half years; however, the Plaintiff provided no explanation for the need to take a dismissal. After the granting of Defendants' motion for partial summary judgment in part, Plaintiff retained several viable causes of action which Defendants deny and assert defenses to. The facts surrounding Plaintiff's remaining claims are hotly disputed. Therefore, dismissal without prejudice is appropriate since the law does not clearly dictate a result in Defendants' favor at this point. *Id*. at 719 ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice.").

Any harm to the Defendants may be avoided by imposing terms and conditions on the dismissal. *See Stevenson v. United States*, 197 F.Supp. 355, 359 (M.D. Tenn. 1961). Plaintiff filed his motion for dismissal three days before the jury trial was scheduled. Defendants undoubtedly had spent time and money preparing for the trial. Plaintiff has given no reason for his request to dismiss the case in this late stage. Accordingly, the Court finds that dismissal without prejudice will be permitted on the following terms and conditions: (1) in the event this case is refiled, it will be refiled in this Court and will commence at the same posture as it stands on this date, and (2) that prior to the commencement of another action upon the same cause, Plaintiff pays to Defendants all of their taxable costs and all expenses incurred by Defendants in preparation of this case, including but not limited to, a reasonable attorney's fee, said costs and expenses to be determined by the Court prior to the time such second suit is commenced. *See Ryerson & Haynes v. American Forging & Socket Co.*, 2 F.R.D. 343, 343 (E.D. Mich. 1942); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir. 1964) (upholding similar terms and conditions in the context of a district court's order of dismissal without prejudice).

The Plaintiff has the option of not going forward with the dismissal if the conditions specified by the Court seem too onerous. *See Scholl*, 327 F.2d at 700 (characterizing dismissal as an alternative available to the plaintiff in lieu of proceeding to trial). Therefore, if Plaintiff is not agreeable to these terms and conditions, he is **ORDERED** to notify the Court post haste of his objection and intention to proceed with the jury trial. However, if these terms and conditions are agreeable to Plaintiff, he has no further obligation and the case will be dismissed on March 27, 2007 prior to commencement of the jury trial.

Based upon the foregoing, absent an objection by Plaintiff, the Court will exercise its

3

discretion pursuant to Fed. R. Civ. P. 41(a)(2) and will **DISMISS** this action **WITHOUT PREJUDICE** pursuant to the above terms and conditions prior to the commencement of the jury trial on March 27, 2007.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**